Carlos A. Hawthorne II K-61900
San Quentin State Prison
San Quentin, CA 94974
Plaintiff, In Pro se'

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

No. C 08-01473 (WHA)(PR)

| | |
|---|---|
| Carlos Anthony Hawthorne II | |
| Plaintiff | Plaintiff's MOTION FOR |
| vs. | APPOINTMENT OF COUNSEL |
| R. Ayers, et al., | |
| Defendants. | |

Plaintiff CARLOS ANTHONY HAWTHORNE II, Pursuant to 28 U.S.C. ss 1915 (e)(1), in good faith and the exceptional circumstances in this case and in the interest of Justice, Moves this Honorable Court for Appointment of counsel in this matter.

Appointment of Counsel is appropriate when plaintiff has presented colorable claims of merit, see; Cooper v. Sargenti Co. INC 877 F.2d 170-173 (2nd Cir. 1999); The complexity of the legal issues and the existence of conflicting testimony and Plaintiff's inability to properly present his claims is a deciding factor in appointment of Counsel. Abdullah v. Gunter, 949 F.2d 1032-1035 (8th Cir. 1991).

DISCUSSION

I

1.

In this case, Plaintiff contends that the claims, facts and evidence submitted within his complaint do indeed present a more than colorable and meritable cause of action. Moreover, the law stated by the Supreme Court in Wilson v. Seiter, 501 U.S. 294 (1991) governing Eighth Amendment claims, held that a prisoner challenging official conduct that is not part of the formal penalty for his crime must demonstrate: (1) A "sufficiently Serious" deprivation, and (2) that officials acted with "Sufficiently Culpable" state of mind. Further, the high court has adopted the "deliberate indifference" standard to determine whether officials display the requisite state of mind with respect to conditions of confinement.

### EXCEPTIONAL CIRCUMSTANCES SHOWN

### II

The defendants in this action were not only acting in bad faith, rather, their conduct went beyond any rational measure of legitimate official conduct, In that, they not only violated the Plaintiffs rights, which are guaranteed under the First and Fourteenth Amendments to the United States Constitution, but continued to deprive the Plaintiff of his State Created liberty interests by discriminating against the Plaintiff, ostracising the Plaintiff and also unlawfully segregating the Plaintiff, Knowingly, Willingly and Maliciously; Therefore warranting the 8th (Eighth) Amendment to the United States Constitution. This is not a case of mere negligence or of an accident, but one of Premeditation with Malice Afore thought by the defendants.

### III

Notwithstanding the exceptional circumstances inferred above, Plaintiff is by virtue of his confinement and is not able to (1)

afford to hire counsel, (2) The issues involved in this case are complex, (3) Plaintiff has limited access to the law library and limited knowledge of the law, (4) Plaintiff has no real knowledge of civil law and is limited to occasional assistance from other inmates and (5) The ends of justice would best be served, were counsel appointed as a matter of law and the most economic use of this Courts time and resources. See: Whisenant V. Yuam 739 F.2d 160-163 (4TH Cir. 1984); Rayes V. Johnson, 969 F.2d 700-704 (8th Cir. 1992)

## IV

The allegations, if proved, clearly would establish a violation of the Plaintiff's Constitutional Rights under the 14TH Amendment to equal protection under the law and 8th Amendment violation against cruel and unusual punishment, because of the defendants' actions. Plaintiff's constitutional rights have been deliberately and intentionally violated. The due process clauses of the United States Constitutions 5th and 14th Amendments are designed to protect the individual against arbitrary government action See: Wolff V. McDonnell, 418 US. 539-558 (1974) Retaliation by prison officials against a prisoner for exercising his First Amendment Right under the United States Constitution to petition the Government for the redress of grievances is unlawful See: Frazier V. Dubois, 922 F.2d 560-562 (10TH Cir. 1990); Pratt V. Rowland, 770 F.Supp. 1399-1406 (N.D. Cal. 1991) on it's face, then this is a Meritorious case.

## CONCLUSION

For the foregoing reasons, the court should SUA SPONTE grant this Plaintiffs' motion and appoint counsel in this case. Plaintiff prays

that this court grant the relief sought in this motion.

Dated this 22nd Day of April 2008

Pursuant to 28 U.S.C. § 1746

As true and correct by all

State laws of California

Respectfully Submitted,

Carlos Anthony Hawthorne # K-67900

Carlos Anthony Hawthorne #

San Quentin State Prison

San Quentin, CA 94974

# DECLARATION OF SERVICE BY MAIL

I, <u>Carlos A. Hawthorne II</u>, the undersigned, declare:
Printed Name of Declarant

I am over the age of 18 years, a citizen of the United States of America, and am not a party to the cause within. My residence address is:

      CDC No. <u>K-67900</u>      Housing <u>2·EY·41</u>
      San Quentin State Prison
      San Quentin, CA 94974

On <u>April 22</u>, <u>2008</u>, I served the following document(s):
   Month/Day    Year

<u>Plaintiff's Motion for appointment of counsel</u>

on the parties and at the addresses described below by placing the pleadings in a sealed envelope, with postage fully prepaid, and presented said item(s) to Corrections Department staff for mailing in the United States Mail as per the rules and regulations governing outgoing legal mail at San Quentin State Prison.

<u>Office of the clerk, U.S. District Court</u>
<u>Northern District of California</u>
<u>450 Golden Gate Avenue</u>
<u>San Francisco, CA 94102</u>

I swear under penalty of perjury that the foregoing is true of my own personal knowledge. Executed on this <u>22nd</u> day of <u>April</u>, <u>2008</u>, at San Quentin, CA, County of Marin.

                                            *Carlos Anthony Hawthorne II*
                                            Signature of declarant

Carlos A. Hawthorne II #K67900
San Quentin State Prison
San Quentin, CA 94974



Legal Mail
Confidential

Clerk of the Court
U.S. District Court
Northern District of California
450 Golden Gate Avenue
San Francisco, CA 94102