United States District Court

For the Northern District of California

1
2
3
4
5
6           IN THE UNITED STATES DISTRICT COURT

7           FOR THE NORTHERN DISTRICT OF CALIFORNIA

8
9

| | |
|---|---|
| CARLOS ANTHONY HAWTHORNE II, | No. C 08-1473 WHA (PR) |
| Plaintiff, | **DISMISSAL WITH LEAVE TO AMEND** |
| v. | |
| R. AYERS, JR.; A. COTA; R. W. FOX; J. PICKETT; D. LEE; T. HOLT; S. ROBINSON; R. CRUZ; | |
| Defendant.           / | |

Plaintiff, an inmate of San Quentin State Prison, has filed a pro se civil rights complaint
under 42 U.S.C. § 1983.  He has been granted leave to proceed in forma pauperis.

## DISCUSSION

### A.   STANDARD OF REVIEW

Federal courts must engage in a preliminary screening of cases in which prisoners seek
redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C.
§ 1915A(a).  In its review the court must identify any cognizable claims, and dismiss any claims
which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek
monetary relief from a defendant who is immune from such relief.  *Id.* at 1915A(b)(1),(2).  Pro
se pleadings must be liberally construed.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699
(9th Cir. 1990).

1    Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the

2    claim showing that the pleader is entitled to relief."  "Specific facts are not necessary; the

3    statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds

4    upon which it rests."'"  *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (per curiam) (citations

5    omitted).  Although in order to state a claim a complaint "does not need detailed factual

6    allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief'

7    requires more than labels and conclusions, and a formulaic recitation of the elements of a cause

8    of action will not do. . . .   Factual allegations must be enough to raise a right to relief above the

9    speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations

10   omitted).  A complaint must proffer "enough facts to state a claim for relief that is plausible on

11   its face." *Id.* at 1974.

12   To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:

13   (1) that a right secured by the Constitution or laws of the United States was violated, and (2)

14   that the violation was committed by a person acting under the color of state law.  *West v. Atkins*,

15   487 U.S. 42, 48 (1988).

16   **B.     LEGAL CLAIMS**

17   Plaintiff contends that defendants violated his rights by assigning him to exercise yard

18   five other than the one he had been using for eight years, the reassignment being based on their

19   incorrect belief that he is a member of the Crips gang.  Because he refused to accept the

20   assignment he was put on "Grade A walk alone" status.  He contends putting him on the Grade

21   A walk-alone yard violated his Eighth Amendment rights and constituted a violation of human

22   rights because it had no place to sit; no running water, sink or toilet; and had dried urine stains

23   on the walls and ground.  He says he was forced to ask for a plastic bag in which to relieve

24   himself.

25   Plaintiff does not explain the basis for his claim regarding the attempted assignment to

26   yard five, although he contends it was "illegal," and the facts alleged do not appear to state a

27   claim for violation of the Constitution or federal law.  The complaint therefore must be

28   dismissed with leave to amend.  Assuming that plaintiff's claim is that the attempted

*United States District Court*
For the Northern District of California

2

**United States District Court**
For the Northern District of California

1    assignment to exercise yard five violated his due process rights, in order to establish that he had

2    a liberty interest in not being assigned to that yard he must plead sufficient facts to allege that

3    conditions there were such as to impose an "atypical and significant hardship on the inmate in

4    relation to the ordinary incidents of prison life." *See Sandin v. Conner*, 515 U.S. 472, 484

5    (1995).

6          Plaintiff should also note that the conditions in the walk-alone yard do not amount to an

7    Eighth Amendment violation, so if he chooses to amend he should include any facts he believes

8    show such a violation.

9          Plaintiff is a member of the class in a class action brought by prisoners on San Quentin's

10   death row, the subject of which is conditions on death row. *See Lancaster v. Cade*, No. 79-

11   1630 WHA. Because plaintiff is a member of the *Lancaster* class, his requests for injunctive

12   relief cannot be considered in this case. *See McNeil v. Guthrie*, 945 F.2d 1163, 1165 (10th Cir.

13   1991) (individual suits for injunctive and equitable relief from alleged unconstitutional prison

14   conditions cannot be brought where there is a pending class action suit involving the same

15   subject matter); *Gillespie v. Crawford*, 858 F.2d 1101, 1103 (5th Cir. 1988) (en banc)

16   ("Individual members of the class and other prisoners may assert any equitable or declaratory

17   claims they have, but they must do so by urging further actions through the class representative

18   and attorney, including contempt proceedings, or by intervention in the class action."). The

19   injunctive relief claims will be dismissed without leave to amend.

20   **C.    PLAINTIFF'S MOTIONS**

21         Plaintiff has moved for appointment of counsel. There is no constitutional right to

22   counsel in a civil case. *Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981). Section

23   1915 of Title 28 of the United States Code confers on a district court only the power to

24   "request" that counsel represent a litigant who is proceeding in forma pauperis. 28 U.S.C. §

25   1915(e)(1). This does not give the courts the power to make "coercive appointments of

26   counsel." *Mallard v. United States Dist. Court*, 490 U.S. 296, 310 (1989). In short, the Court

27   has only the power to ask pro bono counsel to represent plaintiff, not the power to "appoint"

28   counsel.

           It appears from the complaint that plaintiff is literate and capable of presenting his

                                                    3

1    claims, and the issues are not complex.  The motion will be denied.

2         Plaintiff has also moved for an order requiring the prison authorities to provide him with

3    legal supplies.  Plaintiff has not yet stated a claim and no defendant has been served; without

4    jurisdiction over a defendant at the prison, the Court could not enforce such an order.  The

5    motion will be denied.  *See In re Estate of Ferdinand Marcos*, 94 F.3d 539, 545 (9th Cir. 1996)

6    (to enforce injunction court must have personal jurisdiction; court should not issue an injunction

7    it cannot enforce).

8                                      **CONCLUSION**

9         1.  Plaintiff's injunctive relief requests are **DISMISSED** without leave to amend**.**

10        2.  The complaint is **DISMISSED** with leave to amend as to the damages claims, as

11   indicated above, within thirty days from the date of this order.  The amended complaint must

12   include the caption and civil case number used in this order and the words AMENDED

13   COMPLAINT on the first page.  Because an amended complaint completely replaces the

14   original complaint, plaintiff must include in it all the claims he wishes to present.  *See Ferdik v.*

15   *Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).  He may not incorporate material from the

16   original complaint by reference.  Failure to amend within the designated time will result in the

17   dismissal of these claims.

18        3.  Plaintiff's motions (documents 7 and 8) are **DENIED**.

19        4.  It is the plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court

20   informed of any change of address by filing with the clerk a separate paper headed "Notice of

21   Change of Address."  Papers intended to be filed in this case should be addressed to the clerk

22   and not to the undersigned.  Petitioner also must comply with the Court's orders in a timely

23   fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute

24   pursuant to Federal Rule of Civil Procedure 41(b).

25        **IT IS SO ORDERED.**

26   Dated:  October ___13___, 2008.

                                          _____
27                                        WILLIAM ALSUP
                                          UNITED STATES DISTRICT JUDGE

28   G:\PRO-SE\WHA\CR.08\HAWTHORNE1473.DWLTA.wpd

**United States District Court**
For the Northern District of California

4