1

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7

8                    FOR THE NORTHERN DISTRICT OF CALIFORNIA

9    CARLOS ANTHONY HAWTHORNE II,        )        No. C 08-1473 WHA (PR)
                                         )
10            Plaintiff,                  )        **ORDER DISMISSING AND**
                                         )        **STRIKING IN PART SECOND**
11        v.                              )        **AMENDED COMPLAINT;**
                                         )        **GRANTING REQUEST FOR**
12                                        )        **EXTENSION OF TIME;**
                                         )        **DENYING MOTION FOR**
13   R. AYERS, JR.; A. COTA; R. W. FOX; J. )      **APPOINTMENT OF COUNSEL;**
     PICKETT; D. LEE; T. HOLT; S. ROBINSON; )     **REFERRING CASE TO PRO SE**
14   and R. CRUZ;                         )       **PRISONER MEDIATION**
                                         )        **PROGRAM; STAYING CASE**
15            Defendants.                 )
                                         )        **(Docket Nos. 62, 64, 65)**
16   _____ )

17          This is a civil rights case filed pro se by a state prisoner.  Plaintiff filed a first amended

18   complaint against employees at San Quentin State Prison.  The amended complaint was found

19   to state a cognizable claim that defendants R. Ayers, Jr., A. Cota, R. W. Fox, J. Pickett, D. Lee,

20   T. Holt, S. Robinson, and R. Cruz violated his right to equal protection by assigning him to a

21   "walk alone" exercise yard because he is African-American.  Defendants' summary judgment

22   motion was granted in favor of defendant Ayers but denied to the other defendants because

23   plaintiff had created a genuine issue of material fact as to whether they discriminated against

24   him based upon his race.

25          Because the first amended complaint requested forms of injunctive relief not available to

26   him, plaintiff was given leave to file a second amended complaint in which he set forth an

27   available form of relief, such as money damages.  Plaintiff has filed a second amended

28   complaint.

United States District Court
For the Northern District of California

**United States District Court**
For the Northern District of California

**A.      Second Amended Complaint**

The second amended complaint substantially deviates from the instructions in the order granting him leave to file it.  First, plaintiff continues to seek relief not available to him.  Specifically, he requests that the court "certify" that this is a "conspiracy" action and that the court travel to his exercise yard to inspect it in his presence.  The court is not aware of any conspiracy "certification" available to plaintiffs or what the purpose of such a "certification" would be.  There is no need for the court, which is not the fact-finder, to inspect his exercise yard.  In addition to these unavailable forms of relief, plaintiff does seek a declaratory judgment that defendants denied his equal protection rights.  This form of relief is available to him.  Plaintiff specifically states that he does not seek money damages.  Plaintiff was cautioned in the last order that if he failed to amend his complaint in accordance with the instructions of the court, i.e. to set forth a form of relief available to him based on his equal protection claim, this case would be dismissed.  The case will not be dismissed because the second amended complaint seeks relief available to him, i.e. his request for declaratory relief.  Plaintiff's requests for relief in his second amended complaint, other than for declaratory relief for the violation of is Equal Protection rights, are **STRICKEN** from the second amended complaint.

Also, plaintiff adds new claims and new defendants to the second amended complaint, which he was not given leave to do, nor is he entitled to do so at this late stage of this case.  Adding new claims or defendants by way of amendment should not be allowed where it would cause the opposing party undue prejudice.  *See Janicki Logging Co. v. Mateer*, 42 F.3d 561, 566 (9th Cir. 1994) (attempt to amend complaint requiring amendment of scheduling order under Fed. R. Civ. P. 16 must be based upon good cause).  This is especially true where, as here, the plaintiff has previously filed an amended complaint.  *See Wagh v. Metris Direct, Inc.*, 363 F.3d 821, 830 (9th Cir. 2003).  Adding new claims at this late stage, after the case has been pending for more than two years and after dispositive motions have been filed, briefed and ruled upon, would be unduly burdensome and prejudicial to the defendants, and will not be allowed.  *See Brass v. County of Los Angeles*, 328 F.3d 1192, 1197-98 (9th Cir. 2003) (upholding district court's finding that plaintiff waived new § 1983 arguments raised for the first time in his motion

**United States District Court**
For the Northern District of California

1   for summary judgment where nothing in the counts in the amended complaint suggested he was

2   raising those arguments and he offered no excuse or justification for his failure to raise them

3   earlier).  All new claims against new defendants in the second amended complaint, which

4   consists of all the claims other than the claim for the violation of the Equal Protection Clause

5   against the defendants A. Cota, R. W. Fox, J. Pickett, D. Lee, T. Holt, S. Robinson, and R.

6   Cruz, are **DISMISSED**.

7   **B.      Referral to Pro Se Prisoner Mediation Program**

8          The court has established a Pro Se Prisoner Mediation Program.  Certain prisoner civil

9   rights cases may be referred to a neutral magistrate judge for prisoner mediation proceedings.

10  The proceedings consist of one or more conferences as determined by the mediator.  The

11  conferences are conducted at the plaintiff's institution, with the defendants or their

12  representatives attending by videoconferencing if they wish.

13         This case is **REFERRED** to Magistrate Judge Vadas pursuant to the Pro Se Prisoner

14  Mediation Program.  All further proceedings in this case except those related to the mediation

15  and compliance with the subpoena as ordered above are **STAYED** pending completion of that

16  procedure.

17         The mediation proceedings shall take place within 120 days of the date this order is

18  entered.  Magistrate Judge Vadas shall coordinate a time and date for a mediation proceeding

19  with all interested parties or their representatives and, within five days after the conclusion of

20  the mediation proceedings, file a report.  All mediation proceedings shall be confidential and no

21  statement made therein will be admissible in any proceedings in the case, unless the parties

22  otherwise agree.  No part of the mediation proceeding shall be reported, or otherwise recorded,

23  without the consent of the parties, except for any memorialization of a settlement.

24         The clerk shall mail a copy of the court file, including a copy of this order, to Magistrate

25  Judge Nandor Vadas in Eureka, California.

26  //

27  //

28

United States District Court

For the Northern District of California

1   Plaintiff's request for appointment of counsel (docket number 64) is **DENIED**.  Plaintiff's

2   request for an extension of time (docket number 62) is **GRANTED**.  Defendant's request that the

3   second amended complaint be screened (docket number 65) is **GRANTED.**

4       **IT IS SO ORDERED.**

5   Dated: October ___29___, 2010.

6                                             WILLIAM ALSUP
                                              UNITED STATES DISTRICT JUDGE

20  G:\PRO-SE\WHA\CR.08\HAWTHORNE1473.2AC.wpd

4