KAMALA D. HARRIS
Attorney General of California
JAY C. RUSSELL
Supervising Deputy Attorney General
MICHAEL J. QUINN
Deputy Attorney General
State Bar No. 209542
  455 Golden Gate Avenue, Suite 11000
  San Francisco, CA  94102-7004
  Telephone:  (415) 703-5726
  Fax:  (415) 703-5843
  E-mail:  Michael.Quinn@doj.ca.gov
*Attorneys for Defendants Fox, Cruz, Pickett, Holt, Lee, Robinson, and Cota*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **CARLOS A. HAWTHORNE,**<br><br>                              Plaintiff,<br><br>     v.<br><br>**R. AYERS, Jr., et al.,**<br><br>                              Defendants. | C 08-1473 WHA<br><br>**JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] CASE MANAGEMENT ORDER**<br><br>Date:        August 11, 2011<br>Time:        11:00 a.m.<br>Courtroom: 9<br>Judge        The Honorable William Alsup<br>Trial Date   None Set<br>Action Filed:  March 17, 2008 |

Under Federal Rule of Civil Procedure 26(f) and Local Rule 16-9, counsel for the parties conducted a telephone conference on June 28, 2011 to confer regarding scheduling and discovery. The parties hereby submit this Joint Case Management Statement in advance of the August 11, 2011 Case Management Conference.

**A.    JURISDICTION AND SERVICE**

Under 42 U.S.C. § 1983, Plaintiff Carlos Hawthorne (Plaintiff) alleges that Defendants A. Cota, R.W. Fox, J. Pickett, D. Lee, T. Holt, S. Robinson, and R. Cruz (Defendants) violated his right to equal protection by assigning him to a "walk alone" exercise yard because he is African-American.  Jurisdiction is proper under 28 U.S.C. § 1331.  No issues exist as to personal jurisdiction.  Venue is appropriate in this district under 28 U.S.C. § 1391 (b) and Civil Local Rule 3-2(c) because a substantial part of the events giving rise to the claim occurred in this district.

**B.    FACTS**

This is a civil rights case brought by a state prisoner who alleges that Defendants violated the Equal Protection Clause of the Fourteenth Amendment by assigning him to a "walk alone" exercise yard because he is African-American.

During a February 1, 2007 review of Plaintiff's program by San Quentin's Institutional Classification Committee, Plaintiff requested that he be assigned to Exercise Yard #1.  Plaintiff alleges that Defendant Fox denied the request and gave Plaintiff the choice of either "walk alone" exercise or assignment to Exercise Yard No. 5.  The other Defendants agreed with Fox's decision.  Plaintiff contends that Yard No. 5 is for inmates who are not welcome on other yards because they are assigned to "protective custody" or "special needs."  Plaintiff opted against Yard No. 5 due to the safety and security concerns of being perceived as such an inmate and choose the "walk alone exercise," notwithstanding the allegedly worse conditions, including no running water or protection of rain during exercise.

The parties disagree regarding the reason Defendants denied Plaintiff's request to be placed on Yard No. 1 at the February 1 hearing.  Plaintiff alleges that Defendants denied his request because he is African-American, as evidenced by defendant Fox's statement at the review that "I

1

need to break this yard up because it's too many blacks out there, so I'd like to see you on Yard No. 5, that's my recommendation," and the corrected written report of the February 1 hearing which states that Plaintiff's request for Yard No. 1 was denied because of the need "to balance the *ethnic* and size structures" of the yards (emphasis added).

Defendants contend that Plaintiff stated that he "could not go to another yard" and, at the time of the review, San Quentin had determined that Yard #1 was being dominated by the Crips street gang. The Crips' influence over that yard was problematic because gang members were able to intimidate and assault new inmates assigned to the yard who were not affiliated with the Crips. Officials were attempting to reduce the Crips' sway over Yard #1 by moving both gang members and inmates sympathetic to the gang to other exercise yards within the prison. Defendants allege that Plaintiff is a member of the "Marvin Gangster Crips" and would not agree to be assigned to any exercise area other than the Crips-dominated Yard #1, so officials decided to place him on the walk-alone exercise yard following the February 2007 review.

Plaintiff denies that he is a member of the Crips and notes that both the original and corrected versions of the February 1 chrono state that Plaintiff has "no documented gang activity that would impact Exercise Yard placement."

On April 26, 2007, after Plaintiffs' administrative appeal of the February 1 decision was granted, officials conducted another "exercise yard review" in connection with Plaintiff that found that there were "no reasons at this time to deny [Plaintiff's] request" for Yard No. 1. The chrono of the April 26 decision notes that Yard #1 was no longer "exclusively made up of Crip associates and had returned to a more reintegrated status . . . ." Defendant alleges that because the Crips' influence over the yard had been diminished in late April 2007, officials were able to reassign Plaintiff to that yard following their review. Accordingly, Plaintiff was assigned to "walk alone" yard status for approximately sixty days.

**C. LEGAL ISSUES**

The key legal issues to be decided in this case include whether Defendants violated the Equal Protection Clause by denying Plaintiff's request for Yard No.1 because of his race. The

2

parties dispute whether Defendants are entitled to qualified immunity, and whether Defendants discriminated against Plaintiff based upon his race.

**D.  MOTIONS**

On February 13, 2009, Defendants filed a motion to dismiss Plaintiffs' complaint on the grounds that Plaintiff failed to exhaust his administrative remedies. The Court denied the motion on September 1, 2009. Defendants filed a summary judgment motion on November 30, 2009. On September 2, 2010, the Court granted the motion with regard to Defendant Ayers, but denied it as to the other Defendants.

Defendants requested that the Court screen Plaintiff's second amended complaint on October 27, 2010. In an October 29, 2010 order, the Court granted the screening request and noted that the second amended complaint sought a declaratory judgment that Defendants denied his equal protection rights. Because that relief was available to Plaintiffs, the Court concluded that the case should not be dismissed.

Defendants may seek to file a second motion for summary judgment following discovery. Defendants will also file discovery motions and pretrial motions as necessary.

**E.  AMENDMENT OF PLEADINGS**

Plaintiff will seek leave to amend to allege a claim for monetary damages. Defendants have agreed to stipulate to the filing of an amended complaint.

**F.  EVIDENCE PRESERVATION AND PROTECTIVE ORDER**

Plaintiff's counsel will instruct Plaintiff regarding the need to preserve all evidence related to the issues presented by this action.

Defendants' counsel represents that he has taken steps to ensure that all relevant evidence is preserved.

The parties agree to meet and confer regarding entry of an appropriate protective order.

**G.  DISCLOSURES**

Because Plaintiff brought this action without counsel while in the custody of the State of California, this proceeding has been exempt from initial disclosure under Rule 26(a)(1)(B)(iv) of the Federal Rules of Civil Procedure. Plaintiff timely served initial disclosures on July 12, 2011,

within 14 days of the parties' initial conference. Defendant will serve initial disclosures by August 5, 2011.

### H. DISCOVERY

**<u>Plaintiff's Position</u>**

Plaintiff served document requests on Defendants on July 5, 2011. Plaintiff served document requests on San Quentin State Prison on July 6, 2011.

Plaintiff believes that discovery is needed on the following general subjects:

- General information pertaining to Hawthorne, including but not limited to his Central File or "C-file" and his alleged membership in the Crips;

- The February 1, 2007 decision, including Plaintiff's appeal thereto, the correction of the February 1 chrono, and the decision to grant Plaintiff's request for Yard No. 1 on April 26, 2007;

- The racial composition of the exercise yards at San Quentin during the period in question, including but not limited to the racial composition of Yard No. 1;

- ICC decisions regarding exercise yard placement, including, but not limited to information regarding the policies and procedures regarding the decisions, the use of race in exercise yard placement decisions, and changes to the racial composition of the yards during the period in question;

- The Crips prison gang's existence or influence on the exercise yards, including but not limited to Defendant's contention that the Crips dominated Yard No. 1, any policies and procedures regarding San Quentin's policy of reducing the number and influence of Crips on Yard No. 1, and any ICC decisions during the period in question denying placement to Yard No. 1 or reassigning prisoners to other exercise yards because they were allegedly Crips.

- The conditions and safety for prisoners of programming on Yard No. 5 and the walk alone yards, including but not limited to the safety and security of concerns of being perceived as a "protective custody" or "special needs" prisoner on Yard No. 5 and the lack of running water, toilets, or protection of rain during exercise on the walk alone yards.

Plaintiffs intend to take depositions of the Defendants and may take the depositions of additional witnesses. Plaintiffs believe that the limitations on the scope and frequency of discovery contained in the Federal Rules of Civil Procedure, including Rule 26, should apply, although they preserve their right to seek modification for good cause.

**Defendants' Position**

Defendants plan to take Plaintiff's deposition, and may take the depositions of additional witnesses as they are discovered. Defendants also plan to propound written discovery upon Plaintiff.

A proposed discovery schedule is set forth in Section Q below.

### I. CLASS ACTIONS

This case is not a class action.

### J. RELATED CASES

The parties are not aware of any related cases.

### K. RELIEF

Plaintiff seeks declaratory relief in his second amended complaint. Plaintiff intends to amend his complaint to seek monetary damages.

### L. SETTLEMENT AND ADR

The parties participated in a settlement conference before a magistrate judge on February 24, 2011, but were unable to reach an agreement. The parties are willing to participate in an additional settlement conference before a magistrate judge.

### M. CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES

The parties consent to a magistrate judge for the purposes of settlement only.

### N. OTHER REFERENCES

The parties do not believe this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

### O. NARROWING OF ISSUES

The parties are not aware of any issues at this time that can be narrowed by agreement or by motions.

**P. EXPEDITED SCHEDULE**

At this point, counsel are unable to determine whether this case can be handled on an expedited schedule.

**Q. SCHEDULING**

The parties propose the following schedule

| | |
|---|---|
| August 5, 2011 | Last day to provide Rule 26 initial disclosures. |
| November 30, 2011 | Last day to complete non-expert discovery. |
| December 5, 2011 | Last day to designate any experts and provide expert reports. |
| December 12, 2011 | Last day to designate any rebuttal experts and provide rebuttal expert reports. |
| December 19, 2011 | Last day to complete expert discovery. |
| January 9, 2012 | Last day to meet and confer about clarifying and narrowing issues for trial, potential stipulations of fact, anticipated motions in limine, objections to evidence, jury instructions and possible settlement. |
| January 16, 2012 | Last day to file joint pretrial statement; last day to file trial briefs, findings of fact, witness lists, designations of discovery excerpts, jury instructions, voir dire and verdict forms, and exhibits. |
| January 23, 2012 | Last day to file motions in limine and objections to evidence. |
| January 30, 2012 | Last day to file oppositions to motions in limine and objections to evidence. |
| February 6, 2012 | Last day to file replies to motions in limine and objections to evidence. |
| February 13, 2012 | Pretrial conference and hearing on motions in limine. |
| February 20, 2012 | Trial |

**R. TRIAL**

The case will be tried to a jury, and Defendants estimate that the trial will last no longer than two days. Plaintiff expects the trial to last at least two court days and requests a February 20, 2012 trial date.

**S.   DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

Defendants assert that there are no non-party interested entities or persons, and Plaintiff's counsel is unaware of any such entities or persons at this time.

| | |
|---|---|
| Dated: August 4, 2011 | By: /s/ Jacob Foster<br>KASOWITZ BENSON TORRES & FRIEDMAN LLP<br><br>*Attorneys for Plaintiff Carlos A. Hawthorne* |
| Dated: August 4, 2011 | By: /s/ Michael J, Quinn<br><br>*Attorneys for Defendants Fox, Cruz, Pickett, Holt, Lee, Robinson, and Cota* |

SF2009201592
20480880.doc

7

# CERTIFICATE OF SERVICE

| | | | |
|---|---|---|---|
| Case Name: | C. A. Hawthorne v. R. Ayers, et al. | No. | C 08-1473 WHA |

I hereby certify that on **August 4, 2011**, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**CASE MANAGEMENT STATEMENT**

Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

I further certify that some of the participants in the case are not registered CM/ECF users. On August 4, 2011, I have mailed the foregoing document(s) by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within three (3) calendar days to the following non-CM/ECF participants:

**Carlos Anthony Hawthorne**
**K-67900**
**California State Prison - San Quentin**
**1 Main Street**
**San Quentin, CA 94964**
*Pro Se*
*K-67900*

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on **August 4, 2011**, at San Francisco, California.

| | |
|---|---|
| D. Criswell | s/ D. Criswell |
| Declarant | Signature |

20501573.doc