KAMALA D. HARRIS
Attorney General of California
JAY C. RUSSELL
Supervising Deputy Attorney General
MICHAEL J. QUINN
Deputy Attorney General
State Bar No. 209542
  455 Golden Gate Avenue, Suite 11000
  San Francisco, CA 94102-7004
  Telephone: (415) 703-5726
  Fax: (415) 703-5843
  E-mail: Michael.Quinn@doj.ca.gov
*Attorneys for Defendants*
*Cota, Lee, Robinson, Cruz, Pickett, Holt, and Fox*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **CARLOS A. HAWTHORNE,**<br><br>                            Plaintiff,<br><br>v.<br><br>**R. AYERS, Jr., et al.,**<br><br>                            Defendants. | C 08-1473 WHA<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS UNDER RULE 12(b)(6); SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date: December 1, 2011<br>Time: 8:00 a.m.<br>Dept: Courtroom 8, 19th Floor<br>Judge: The Honorable William Alsup<br>Trial Date: May 21, 2012<br>Action Filed: March 17, 2008 |

**TO PLAINTIFF CARLOS A. HAWTHORNE AND HIS ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on December 1, 2011, at 8:00 a.m., or as soon thereafter as counsel may be heard, in Courtroom 8 of the United States District Court, Northern District of California, located at 450 Golden Gate Avenue in San Francisco, California, Defendants Cota, Lee, Robinson, Cruz, Pickett, Holt, and Fox (Defendants) will move this Court to dismiss Plaintiff Carlos A. Hawthorne's request for incidental, compensatory, and punitive damages against Defendants in Plaintiff's third amended complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure on the ground that the request, which essentially asserts new claims against Defendants in their individual capacities, is time-barred.

This motion is based on this notice of motion, the supporting memorandum of points and authorities, and the pleadings and records on file with the Court.

## MEMORANDUM OF POINTS AND AUTHORITIES

### INTRODUCTION

Plaintiff, an inmate at San Quentin State Prison, claims that he was sent to a "walk alone" exercise yard because he is African-American. (Order of Service, 2:13-16, December 15, 2008, ECF No. 19.) He alleges that he was transferred to that yard because the area to which he had previously been assigned "had too many blacks." (*Id.*)

In his third amended complaint, Plaintiff seeks incidental, compensatory, and punitive damages against Defendants in their individual capacities. As discussed more fully below, such claims are barred by the statute of limitations and must be dismissed.

### STATEMENT OF FACTS

Plaintiff, a condemned inmate in the custody of the California Department of Corrections and Rehabilitation at San Quentin State Prison, filed a first amended complaint against Defendants on November 17, 2008. (Complaint Under the Civil Rights Act, November 17, 2008, ECF No. 17.) That complaint stated that Defendants--members of the prison's Institutional Classification Committee (ICC)--classified him for a "walk-alone" exercise yard because he is African-American. (Order of Service, 2:13-16, December 15, 2008, ECF No. 19.) He alleged

1

that he was sent to that yard in February 2007 because the area where he previously exercised had "too many blacks." (*Id*.) The Order of Service found that Plaintiff's allegation was "sufficient to state an equal protection claim." (*Id*.)

In a September 2, 2010 order, the Court found that the first amended complaint requested forms of injunctive relief not available to him. (Order Granting in Part and Denying in Part Defendants' Motion for Summary Judgment, 7:17-28, September 2, 2010, ECF No. 61.) Therefore, the Court granted Plaintiff leave to file a second amended complaint to correct that deficiency. (*Id*.)

While Plaintiff's second amended complaint continued to seek relief not available to him, the Court's October 29, 2010 order dismissing and striking portions of that complaint noted that "plaintiff does seek a declaratory judgment that defendants denied his equal protection rights." (Order Dismissing and Striking in Part Second Amended Complaint, 2:8-9, October 29, 2010, ECF No. 66.) The Court added that "this form of relief is available to him." (*Id*.)

Plaintiff's third amended complaint, which was filed on October 7, 2011, includes the request for declaratory relief regarding unconstitutional acts of discrimination that was set forth in the second amended complaint. (Third Amended Complaint, 8:7-9, October 7, 2011, ECF No. 84.) But the third amended complaint also seeks "incidental, compensatory, and punitive damages against Defendants based on their unconstitutional acts of discrimination . . . ." (*Id*. at 5:5-6.)

## ARGUMENT

I. **PLAINTIFF'S CLAIMS FOR DAMAGES AGAINST INDIVIDUAL DEFENDANTS IN THEIR PERSONAL CAPACITIES ARE TIME-BARRED.**

The remedies available against individual defendants for a § 1983 claim depends on whether they are sued in their official or personal capacities. *Carmen v. San Francisco Unified School Dist.*, 982 F. Supp. 1396, 1407 (N.D. Cal. 1997). Plaintiff is limited to injunctive and declaratory relief against individual defendants in their official capacities, and damages against individual defendants in their personal capacities. *Id*.

2

Defs.' Not. Mot. & Mot. Dismiss; Mem. P. & A. (C 08-1473 WHA)

Plaintiff's third amended complaint now seeks incidental, compensatory, and punitive damages against Defendants. (Third Amended Complaint, 5:5-6, October 7, 2011, ECF No. 84.) The request is tantamount to asserting new claims against Defendants in a wholly new capacity, since individual damages are only available against individual defendants in their personal capacities. Such claims cannot proceed in this case because they are barred by the statute of limitations.

The statute of limitations in § 1983 civil-rights cases is governed by state law. *See Wilson v. Garcia*, 471 U.S. 261, 275 (1985). Because civil-rights actions are best characterized as actions for injuries to personal rights, federal courts borrow the state statute of limitations that applies to personal-injury actions. *McDougal v. County of Imperial*, 942 F.2d 668, 672-74 (9th Cir. 1991). In California, that statute of limitations is two years. Cal. Civ. Proc. Code § 335.1.[1]

Plaintiff's third amended complaint alleges that Defendants attempted to cover-up their unconstitutional race-based discrimination by falsely claiming "on the Form 128G that the ICC did not assign Plaintiff to Exercise Yard No. 1 because Plaintiff . . . 'refused to program on any other yard' during the February 1 hearing." (Third Amended Complaint, 6:25-27, October 7, 2011, ECF No. 84.) Plaintiff filed an administrative appeal requesting the correction of the inaccuracy "upon receiving the Form 128G." (*Id.*)

The statute of limitations begins to run once a plaintiff's cause of action has accrued. *Two Rivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1998). Accrual, which is determined by federal law, occurs "when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Id*.

In this case, Plaintiff's cause of action would have accrued no later than April 2007, when he initiated an administrative appeal concerning his yard assignment. Thus, the statute of

---

[1] California law also provides that complaints for damages filed by inmates sentenced to "a term less than life" may be tolled for two years. Cal. Civ. Proc. Code § 352.1(a), (c). Plaintiff is a condemned inmate, and cannot be characterized as an inmate sentenced to "a term less than life." Therefore, the two-year tolling period is not available to him. *See Martinez v. Gomez*, 137 F.3d 1124, 1126 (9th Cir. 1998); *Grasso v. McDonough Power Equip.*, 264 Cal.App.2d 597, 601 (1968).

3

Defs.' Not. Mot. & Mot. Dismiss; Mem. P. & A. (C 08-1473 WHA)

limitations for the claims against the Defendants in their individual capacities expired in April 2009.

Moreover, Plaintiff cannot assert that the claims against Defendants in their individual capacity "relate back" to his original complaint. In *Lovelace v. O'Hara*, 985 F.2d 847, 848-49 (6th Cir. 1993), a homeowner filed a § 1983 action against a sheriff's deputy in his official capacity. The original complaint contained a statement that the defendant acted "not as an individual" but "clearly within the expressed and implied powers of his official capacity." *Id*. at 850. The district court later granted the homeowner leave to file an amended complaint naming the sheriff in his individual capacity. *Id*. The appellate court reversed, concluding that relation back was not proper because defendant did not have notice that he was being sued in his individual capacity within the 120 days allowed for service of the summons and complaint under Federal Rule of Civil Procedure 4. *Id*. at 850-51.

An amendment in a defendant's capacity in a section 1983 action "alters the elements of recovery and defense . . . [and] requires major changes in pleading, discovery, trial preparation and selection and location of witnesses to testify at trial." *Lovelace*, 985 F.2d at 850 (quoting *Hill v. Shelander*, 924 F.2d 1370, 1384 (7th Cir. 1991) (Coffey, J., dissenting). Like the defendant in *Lovelace*, Defendants in this case were not aware that Plaintiff was seeking to hold them personally liable until long after the suit had been instituted against them in their official capacity. Plaintiff Hawthorne's second amended complaint, filed more than two years after the original complaint, specifically stated that he was not seeking money damages. (Order Dismissing and Striking in Part Second Amended Complaint, 2:10, October 29, 2010, ECF No. 66.) The *Lovelace* court noted that "it is not too much to ask that if a person or entity is to be subject to suit, the person or entity should be properly named and clearly notified of the potential of payment of damages individually." 985 F.2d at 851 (quoting *Wells v. Brown*, 891 F.2d 591 (6th Cir. 1989). Because Defendants did not have notice that they were being sued individually until more than three years after the original complaint was filed, long after the 120-day period set forth in Rule 4 had passed, the request for damages in the third amended complaint must be dismissed.

4

**CONCLUSION**

For the foregoing reasons, the claims against Defendants in their individual capacities and the request for incidental, compensatory, and punitive damages in Plaintiff's third amended complaint must be dismissed.

Dated:  October 21, 2011                      Respectfully Submitted,

KAMALA D. HARRIS
Attorney General of California
JAY C. RUSSELL
Supervising Deputy Attorney General

s/ Michael J. Quinn
MICHAEL J. QUINN
Deputy Attorney General
*Attorneys for Defendants*
*Cota, Lee, Robinson, Cruz, Pickett, Holt, and Fox*

SF2009201592
20543150.doc

5

Defs.' Not. Mot. & Mot. Dismiss; Mem. P. & A. (C 08-1473 WHA)

# CERTIFICATE OF SERVICE

| | | | |
|---|---|---|---|
| Case Name: | **C. A. Hawthorne v. R. Ayers, et al.** | No. | **C 08-1473 WHA** |

I hereby certify that on **October 21, 2011**, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS UNDER RULE 12(b)(6); SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES**

**PROPOSED ORDER GRANITNG DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS UNDER RULE 12(b)(6); SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES**

Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service with postage thereon fully prepaid that same day in the ordinary course of business.

I further certify that some of the participants in the case are not registered CM/ECF users. On **October 21, 2011**, I have caused to be mailed in the Office of the Attorney General's internal mail system, the foregoing document(s) by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within three (3) calendar days to the following non-CM/ECF participants:

**Carlos Anthony Hawthorne, K-67900**
**California State Prison - San Quentin**
**1 Main Street**
**San Quentin, CA 94964**
*Pro Se*

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on **October 21, 2011**, at San Francisco, California.

| D. Criswell | *s/ D. Criswell* |
|---|---|
| Declarant | Signature |