Brian P. Brosnahan (State Bar No. 112984)
Email: bbrosnahan@kasowitz.com
Jacob N. Foster (State Bar No. 250785)
Email: jfoster@kasowitz.com
KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
101 California Street, Suite 2300
San Francisco, California 94111
Telephone: (415) 421-6140
Facsimile: (415) 398-5030

Attorneys for Plaintiff
CARLOS ANTHONY HAWTHORNE II

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS ANTHONY HAWTHORNE II,<br><br>Plaintiff,<br><br>v.<br><br>R. AYERS, JR.; A. COTA; R.W. FOX; J. PICKETT; D. LEE; T. HOLT; S. ROBINSON; R. CRUZ;<br><br>Defendants. | Case No: C 08-1473- WHA (PR)<br><br>OPPOSITION TO DEFENDANTS' MOTION TO DISMISS UNDER RULE 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF<br><br>**Date:** December 1, 2011<br>**Time:** 8:00 a.m.<br>**Dept.:** Courtroom 8, 19th Floor<br><br>**Judge:** The Honorable William Alsup<br>**Trial Date:** May 21, 2012<br>Action Filed: March 17, 2008 |

# Table of Contents

**Page**

I. INTRODUCTION ........................................................................................................... 1

II. STATEMENT OF FACTS ............................................................................................. 1

    A. Defendants' Unconstitutional Race Based Discrimination ..................................... 1

    B. Plaintiff Sought Damages Since The Beginning Of This Litigation ........................ 3

III. ARGUMENT .................................................................................................................. 5

    A. Defendants' Contention That They Did Not Have Sufficient Notice Of Plaintiff's Damages Claim Ignores The Relevant Pleading Standard For *Pro Se* Plaintiffs ........................................................................................................... 5

    B. Plaintiff Timely Asserted Claims For Damages Against The Defendants In Their Individual Capacity In The Complaint And Amended Complaint ................. 6

    C. The Omission Of The Damages Claim From The SAC Does Not Render The Claim Untimely ................................................................................................. 6

    D. Plaintiff's Damages Claim Relates Back To The Complaint ................................... 7

IV. CONCLUSION ............................................................................................................... 9

i

OPPOSITION TO DEFENDANTS' MOTION TO DISMISS UNDER RULE 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; Case No. C 08-1473-WHA

# Table of Authorities

**Page(s)**

**CASES**

*Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009) .................................................................................... 5

*Erickson v. Pardus*,
    551 U.S. 89 (2007) ..................................................................................................................... 5

*Hawthorne v. Ayers*,
    Case No. 3:08-cv-01473 (N.D. Cal., *filed* March 17, 2008) (DE No. 1) ................................. 3

*Hebbe v. Pliler*,
    611 F.3d 1202 (9th Cir. 2010) .................................................................................................. 5

*Hill v. Shelander*,
    924 F.2d 1370 (7th Cir. 1991) ............................................................................................. 6, 7

*Johnson v. Hanada*,
    2009 U.S. Dist. LEXIS 1526 (D. Or. January 8, 2009) ............................................................ 7

*Lovelace v. O'Hara*,
    985 F.2d 847 (6th Cir. 1993) .......................................................................................... 6, 7, 8

*Shehee v. Baca*,
    2008 U.S. Dist. LEXIS 36071 (C.D. Cal. May 2, 2008) ........................................................... 6

*Skinner v. Switzer*,
    131 S. Ct. 1289 (2011) ............................................................................................................. 5

**STATUTES**

42 U.S.C. § 1983 ................................................................................................................... 3, 4, 6

**OTHER AUTHORITIES**

Const. amend. XIV.......................................................................................................................... 4

Federal Rules of Civil Procedure 8 ............................................................................................ 5, 6

Federal Rules of Civil Procedure 15 .......................................................................................... 6, 7

KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
101 CALIFORNIA STREET, SUITE 2300
SAN FRANCISCO, CALIFORNIA 94111

## I. INTRODUCTION

The Court should deny Defendants A. Cota, R.W. Fox, J. Pickett, D. Lee, T. Holt, S. Robinson, and R. Cruz's ("Defendants") motion to dismiss because Plaintiff Carlos Anthony Hawthorne ("Plaintiff") timely alleged his claim for damages against Defendants in their individual capacity. Defendants contend that Plaintiff's request for monetary damages is time barred because it was not alleged until the Third Amended Complaint ("TAC") and does not relate back to the initial complaint. Defendants are incorrect because Plaintiff sought compensatory and punitive damages from each Defendant in both his original and Amended Complaint prior to the running of the statute of limitations.

Even if Plaintiff had not sought damages until the TAC, however, his request for relief would still be timely because it would relate back to the filing of his initial complaint. The claim for monetary relief arises out of the same acts of racial discrimination that support Plaintiff's request for declaratory relief, so Defendants were placed on notice of Plaintiff's claims when he filed his complaint. Nor can Defendants contend that they were prejudiced by any purported delay. No discovery was conducted prior to the TAC and the monetary relief claim does not raise any additional defenses since Defendants already raised the defense of qualified immunity to the damage claims. Indeed, this Court specifically provided Plaintiff with leave to assert a claim for monetary damages *after* the statute of limitations purportedly expired. It should not dismiss his claim because he has now done so.

## II. STATEMENT OF FACTS

### A. Defendants' Unconstitutional Race Based Discrimination

This case is about Defendants race-based assignment of Plaintiff to certain exercise yards at San Quentin State Prison ("SQSP"). Plaintiff is an African-American state prisoner who was eligible to exercise on a number of "exercise yards" at SQSP as a result of his classification as a Grade A prisoner (inmates without a high violence or escape potential).

As a direct result of the actions of the Defendants, who were responsible for determining Plaintiff's exercise yard assignment in their roles as members of SQSP's Institutional

Classification Committee ("ICC"), Plaintiff was denied access to a yard for which he was otherwise qualified as a Grade A prisoner (Exercise Yard No. 1). During a February 1, 2007 review of Plaintiff's program by the ICC, Plaintiff requested that he be assigned to Exercise Yard No. 1 because he had been previously assigned to that yard and it was conducive to his religious studies. Defendant Fox denied the request because in his words: "I need to break this yard up because it's too many blacks out there, so I'd like to see you on Yard No. 5, that's my recommendation." The other Defendants agreed with Fox's decision. The corrected written report of the February 1 hearing evidences the race based nature of the decision by stating that Plaintiff's request for Exercise Yard No. 1 was denied because of the need "to balance the ethnic and size structures" of the yards (emphasis added).

Based on the racial composition of the Exercise Yards, the Defendants gave Plaintiff the purported choice of either "walk alone" exercise or assignment to Exercise Yard No. 5. Exercise Yard No. 5 is for inmates who are not welcome on other yards because they are assigned to "protective custody" or "special needs." Plaintiff opted against Exercise Yard No. 5 due to the safety and security concerns of being perceived as such an inmate and choose the "walk alone exercise," notwithstanding the worse conditions.

Lacking any legitimate penological purpose for refusing to assign Plaintiff to Exercise Yard No. 1, Defendants initially attempted to cover up their unconstitutional race based discrimination by creating a false recording of the February 1, 2007 hearing on the Form 128G. Instead of accurately recording the specific racial basis for their action, Defendants falsely claimed on the Form 128G that the ICC did not assign Plaintiff to Exercise Yard No. 1 because Plaintiff allegedly "refused to program on any other yard" during the February 1 hearing. Upon receiving the Form 128G, Plaintiff filed an administrative appeal requesting correction of this inaccuracy, and SQSP Warden Ayers ordered the correction of the Form 128G. Warden Ayers found that the "documentation and arguments presented [were] persuasive that [Plaintiff] has supported his appeal with sufficient evidence or facts to warrant a modification of the ICC chrono dated February 1, 2007" because Plaintiff never refused to program on other exercise yards and stated at the hearing that he could program successfully on any yard.

Although the Defendants initially attempted to cover up their unconstitutional acts of discrimination, the Form 128G was ultimately ordered corrected by Warden Ayers and the corrected version acknowledges that Plaintiff's request for Exercise Yard No. 1 was in fact denied to recompose the ethnic composition of the exercise yards.

### B. Plaintiff Sought Damages Since The Beginning Of This Litigation

Proceeding *pro se*, Plaintiff filed a complaint in this Court on March 17, 2008. The original complaint brought a claim under 42 U.S.C. § 1983 and sought $10,000 in compensatory damages and $10,000 in punitive damages from each Defendant. *See Hawthorne v. Ayers*, Case No. 3:08-cv-01473 (N.D. Cal., *filed* March 17, 2008) (DE No. 1).[1] Plaintiff's complaint was preliminarily screened and dismissed with leave to amend. DE No. 14.

On November 17, Plaintiff filed an Amended Complaint in this Court. The Amended Complaint alleged that Defendants targeted Plaintiff because of his race and brought a claim under 42 U.S.C. § 1983. The Amended Complaint sought to have the Court "remove all San Quentin officials from any and all decision-making procedures and/or practices" and to replace them with a "Fair and impartial interim committee." DE 17 at 4. Plaintiff again sought $10,000 in compensatory damages and $10,000 in punitive damages from each Defendant in the Amended Complaint. DE 17 at 6. In its December 15, 2008 Order of Service, the Court found that Plaintiff's allegations were "sufficient to state an equal protection claim."

On February 13, 2009, this Court denied Defendants' motion to dismiss and held that Plaintiff had exhausted his administrative remedies. DE No. 35 at 3-4. On September 2, 2010, the Court denied Defendants' motion for summary judgment.[2] The Court noted that Plaintiff's declaration regarding the race based nature of the ICC's decision was supported by the statements in the report of the hearing prepared by Defendants that "plaintiff had 'no documented gang

---

[1] Plaintiff cites previous filings before this Court with "DE" for Docket Entry and their corresponding docket number.

[2] The Court granted the summary judgment motion in regards to Warden Ayers because he granted Plaintiff's administrative appeal of the other Defendants race-based decision. DE 61 at 6-7.

3

OPPOSITION TO DEFENDANTS' MOTION TO DISMISS UNDER RULE 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; Case No. C 08-1473-WHA

activity that would impact Exercise Yard placement,' and that he would not be allowed on Yard No. 1 in order 'to balance the *ethnic* and size structures of the exercise yards.'" DE 61 at 5:4-17. As a result, the Court concluded that there was a genuine factual dispute because "a reasonable jury could infer from this evidence that defendants kept plaintiff off of Yard No.1 not because of any connection he might have had with the Crips, but because he is African-American, and prison officials wanted fewer African-Americans, not just Crips, on the yard." *Id*.

Although the Court denied Defendants' summary judgment motion, it held *sua sponte* that the action could not proceed on the basis of the request for the removal of SQSP personnel from decision-making procedures. DE 61 at 7. In doing so, the Court noted that "Plaintiff's claims, if meritorious, may constitute grounds for damages," but apparently overlooked that Plaintiff had in fact alleged a claim for damages in a section titled "Relief continued . . ." on page six of the Amended Complaint. DE 17 at 6. In that section Plaintiff stated that he was "seeking $10,000 dollars in compensatory damages against each defendant, jointly and severally" and "[p]unitive damages in the amount of $10,000 against each defendant." *Id*. Since the Court did not consider the "Relief continued . . ." section of Plaintiff's Amended Complaint, it concluded that Plaintiff failed to allege damages and "does not request any available form of relief." However, the Court provided Plaintiff leave to file a second amended complaint that included "the equal protection claim discussed above." DE 61 at 7-8.

On September 30, 2010, Plaintiff filed a Second Amended Complaint ("SAC"). The SAC sought injunctive and declaratory relief, but also sought to add new parties and a new claim for retaliation. In an October 29, 2010 order, the Court granted in part Defendants' screening request, dismissed Plaintiff's conspiracy claim, and denied his request to add new parties. The Court also denied the screening request in part and held that the SAC sought declaratory relief available to Plaintiff.

On May 3, 2011, the Court stayed the proceedings and referred the case for appointment of *pro bono* counsel. After the stay was lifted, the parties stipulated to the filing of the operative TAC, which seeks damages and declaratory relief resulting from Defendants' violations of the Fourteenth Amendment. DE 66.

4

## III.  ARGUMENT

Defendants contend that Plaintiffs' claim for damages in the TAC is not timely because (1) Plaintiff's claim for damages was filed for the first time in the TAC; (2) the TAC was filed more than two years after Plaintiff's cause of action accrued; and (3) the TAC does not "relate back" to Plaintiff's filing of his initial complaint.  Mot. at 3:22-4:27.  Defendants are incorrect because (a) Plaintiff timely alleged his claim for damages in the complaint and Amended Complaint; and (b) Plaintiff's damage claims relate back to the original filing of his complaint even if the Court concludes that Plaintiff did not allege the claims for damages until the TAC.

### A. Defendants' Contention That They Did Not Have Sufficient Notice Of Plaintiff's Damages Claim Ignores The Relevant Pleading Standard For *Pro Se* Plaintiffs

Defendants argue that Plaintiffs' claim is barred by the statute of limitations because Plaintiffs' initial complaints did not sufficiently plead his damages claim.  *See* Defendants' Notice of Motion and Motion to Dismiss under Rule 12(b)(6) ("Mot.") at 4.  But Defendants ignore that Plaintiffs' damages claims in the complaint and the Amended Complaint were sufficient to provide notice under the liberal pleading standard of Federal Rules of Civil Procedure 8.  A complaint must only provide "a plausible 'short and plain' statement of the plaintiff's claim" and need "not [be] a model of careful drafter's art" or "pin the plaintiff's claim for relief to a precise legal theory." *Skinner v. Switzer*, 131 S. Ct. 1289, 1296 (2011) (*citing Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002)).  This simplified notice pleading system renders allegations of specific facts "not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (internal citations omitted).

These pleading standards should be "liberally construed" for claims brought *pro se* because "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94.  Courts "have an obligation where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt." *Hebbe v. Pliler*, 611 F.3d 1202, 1205 (9th

KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
101 CALIFORNIA STREET, SUITE 2300
SAN FRANCISCO, CALIFORNIA 94111

Cir. 2010) (*distinguishing Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009)).

### B. Plaintiff Timely Asserted Claims For Damages Against The Defendants In Their Individual Capacity In The Complaint And Amended Complaint

Pursuant to Rule 8, Plaintiff timely alleged the damages claim in his initial complaint and in his Amended Complaint. Plaintiff's initial complaint sought damages and was filed on March 17, 2008. Thus, it was filed within the two-year statute of limitations for section 1983 claims in California because Plaintiff's cause of action accrued in April, 2007. Mot. at 3:7-11. Though Plaintiff's initial complaint was screened by this Court and dismissed, he subsequently filed an Amended Complaint (also within the limitations period) on November 17, 2008. The Amended Complaint stated that "[t]he Plaintiff is also seeking $10,000 dollars in compensatory damages against each defendant, jointly and severally" and "[p]unitive damages in the amount of $10,000 against each defendant." DE 17 at 6. The Amended Complaint was served on the Defendants.

Since the damages claim was alleged in the complaint and Amended Complaint, Defendants are incorrect that "they did not have notice that they were being sued individually until more than three years after the original complaint was filed." Mot. at 4:13-27. In fact, Defendants were provided with notice in the Amended Complaint. Since punitive damages were alleged in the Amended Complaint, Defendants were alerted that they were being sued in their individual capacity. *See Shehee v. Baca*, 2008 U.S. Dist. LEXIS 36071 at *6 (C.D. Cal. May 2, 2008) (A plaintiff "may not recover punitive damages against a governmental entity or an individual governmental officer in his or her official capacity."). The TAC merely realleged Plaintiffs' claims for damages from his earlier complaint and did not assert "new claims against Defendants in a wholly new capacity." Mot. at 3:1-6.

### C. The Omission Of The Damages Claim From The SAC Does Not Render The Claim Untimely

Nor does the fact that Plaintiff failed to allege the damages claim in his Second Amended Complaint implicate the analysis. Defendants contend that they were prejudiced because Plaintiff did not provide notice of the damage claims in *any* of his complaints prior to the TAC, and cannot have been prejudiced simply because Plaintiff omitted the damages claim from his Second

Amended Complaint after pleading it in his initial and Amended Complaint.  Though the claim was omitted from the Second Amended Complaint, Defendants had already been provided notice that Plaintiff was seeking damages.  They also did not suffer any prejudice from the inclusion of the damages claim in the TAC because no substantive proceedings occurred in this litigation involving the Second Amended Complaint.

Since the Court specifically granted Plaintiff leave to amend the Amended Complaint in order to assert a claim for damages, Defendants were provided with notice of the likely amendment.  Plaintiff, an incarcerated prisoner proceeding *pro se*, omitted the damages claim from the Second Amended Complaint because the Court held that the Amended Complaint, which stated a claim for damages, had failed to request appropriate relief.  But Plaintiff realleged the damage claim after this Court appointed *pro bono* counsel.  The Court should not dismiss the claim under these circumstances because it would be inconsistent with the special solicitude provided to *pro se* plaintiffs.

### D. Plaintiff's Damages Claim Relates Back To The Complaint

Even if the Court concludes that Plaintiff did not sufficiently allege his claim for damages within the statute of limitations period, it should still find that his claims are timely because they relate back to the initial filing of his complaint.  In arguing that Plaintiff's claim does not relate back to the initial complaint, Defendants solely rely on the Sixth Circuit's decision in *Lovelace v. O'Hara*, 985 F.2d 847, 848-49 (6th Cir. 1993).  This Court should decline to follow *Lovelace* because it is inconsistent with a well-reasoned decision by another appellate court, contrary to the purpose of Federal Rules of Civil Procedure 15, and inapplicable to the facts here.

First, *Lovelace* is contrary to the Seventh Circuit's decision in *Hill v. Shelander*, 924 F.2d 1370, 1384 (7th Cir. 1991), where the court held that a plaintiff prisoner alleging civil rights violations could amend to add damages claims against the defendant in his individual capacity and relate back to the original filing of the complaint for statute of limitations purposes.  The court in *Hill* noted that its decision was consistent with Supreme Court precedent that "Rule 15(c) should serve as [a] useful guide[] to help, not hinder, persons who have a legal right to bring their problems before the courts."  *Id*. (*citing Schiavone v. Fortune*, 477 U.S. 21, 27 (1986)).  To refuse

to allow relation back where the right defendant was named in the wrong capacity would be anomalous because Rule 15(c) allowed a plaintiff to amend his complaint when he sued the entirely wrong defendant. *Id*. at 1377.  It would also serve little purpose because "whether the suit was against [defendant] in his official or individual capacity, [defendant] always knew that the lawsuit was being brought against him. *Id*. at 1378.

Second, the court in *Lovelace* adopted an erroneous interpretation of Rule 15.  Rule 15(c) provides that for an amendment to relate back: (1) it must arise from the same transaction or occurrence as the original pleading; and (2) the party named in the amended pleading must have both received sufficient notice of the pendency of the action so as not to be prejudiced in preparing a defense, and have known or should have known that but for a mistake of identity the party would have been named in the original pleading.  Thus, a determination of whether a claim for damages relates back should be based on an evaluation of these factors rather than the inflexible *per se* rule against relation back urged by Defendants.

Here, there is no dispute that the amendment arises out of the same transaction involving the decision to assign Plaintiff to walk alone exercise at the basis of race.  The Defendants also received sufficient notice and knew or should have known that they were named in their individual capacity.  Specifically, the complaint and Amended Complaint alleged punitive damage claims that could only be alleged against Defendants in their individual capacity.  DE 17 at 6.  Further, Defendants were clearly on notice that damage claims were being brought against them in their individual capacity because they filed a motion for summary judgment on the grounds of qualified immunity – a defense against an individual capacity lawsuit.  *Johnson v. Hanada*, 2009 U.S. Dist. LEXIS 1526 at *15-16 (D. Or. January 8, 2009) (concluding that defendant received notice that they were sued in individual capacity because "most compellingly, Defendants assert in the Answer filed shortly after Officer Hanada was served that Officer Hanada is entitled to qualified immunity, which is a defense that is available only to officers who are sued in their individual capacities.").

Allowing amendment would also be consistent with the purposes of the statute of limitations; namely to avoid undue surprise and permit investigation and collection of evidence

8

before it becomes stale. Plaintiff's original complaint put Defendants on notice that it was necessary for them to investigate the claim and preserve evidence. Therefore, Defendants cannot claim that the purported addition of a claim for damages in their individual capacity caused them any prejudice by loss of evidence or undue surprise.

Third, *Lovelace* is inapplicable here because the original complaint in that case "contained a statement that the defendant acted 'not as an individual,' but 'clearly within the expressed and implied powers of his official capacity.'" *Lovelace*, 985 F.2d at 848-50. *Lovelace* also involved a plaintiff who sought to allege new claims after summary judgment was granted against them, while this Court denied summary judgment and specifically granted Plaintiff leave to amend to allege a claim for damages. *Id*. Unlike *Lovelace*, where the defendant could not reasonably have been put on notice of the possibility that damage claims were asserted against him in his individual capacity, here the punitive damage claims against Defendants were alleged "jointly and severally," litigated by the Defendants' on summary judgment, and the Court specifically suggested that the Plaintiff should allege claims for damages on amendment.

## IV.   CONCLUSION

For the reasons discussed herein, the motion to dismiss should be denied.

DATED: November 4, 2011

                KASOWITZ, BENSON, TORRES & FRIEDMAN LLP

                By: /s/Brian P. Brosnahan
                    Brian P. Brosnahan
                Attorneys for Plaintiff
                CARLOS ANTHONY HAWTHORNE II

## Certificate of Service

Case Name:   **Hawthorne v. Ayers, et al.**   Case No. **C08-1473 WHA**

I**, Jo Anne Childress**, declare that I am employed by Kasowitz, Benson, Torres & Friedman LLP, located in the City and County of San Francisco, at the business address of 101 California Street, Suite 2300, San Francisco, California 94111.  I am over the age of eighteen years and am not a party to this matter.

I hereby certify that on **November 4, 2011**, I electronically filed the following document(s) with the Clerk of the Court by using the CM/ECF system:

- **OPPOSITION TO DEFENDANTS' MOTION TO DISMISS UNDER RULE 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 4th day of November, 2011 in San Francisco, California.


                                              /s/Jo Anne Childress
                                              Jo Anne Childress